```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK

In re:                                    :
                                              Docket #1:21-cv-06181-
 HILLIARD ENERGY LTD.,                    : LTS

                Plaintiff,                :

  - against -                             :

 TRISHE RESOURCES INC. et al,             : New York, New York
                                            July 28, 2022
                Defendants.               :
                                            REMOTE PRELIMINARY
-------------------------------------- :    INJUNCTION SHOW CAUSE
                                            HEARING
                    PROCEEDINGS BEFORE
             THE HONORABLE ANDREW L. CARTER, JR.,
                 UNITED STATES DISTRICT JUDGE

APPEARANCES:

For Plaintiff:         LAW OFFICE OF A. MANNY ALICANDRO
                       BY:  A. MANNY ALICANDRO, ESQ.
                       85 John Street, Suite 10N
                       New York, NY 10038
For the Trishe
Defendants:            JOHN MURPHY & ASSOCIATES, P.C.
                       BY:  JOHN MURPHY, ESQ.
                       171 Madison Avenue, Suite 305
                       New York, NY 10018
For Defendant, Punjab
National Bank
(International) LTD:   CONDON AND FORSYTH LLP (NYC)
                       BY:  JOSEPH E. CZERNIAWSKI, ESQ.
                            ELI BURTON, ESQ.
                       7 Times Square
                       New York, NY
10036
Transcription Service: Carole Ludwig, *Transcription Services*
                       155 East Fourth Street #3C
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Email:  Transcription420@aol.com


Proceedings conducted telephonically and recorded by
electronic sound recording;
Transcript produced by transcription service.
```

# INDEX

## **E X A M I N A T I O N S**

| **Witness** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** |
|---|---|---|---|---|
| None | | | | |

## **E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|
| None | | | | |

```
 1                       PROCEEDINGS                          3
 2             THE CLERK:  -- for a telephone Order to Show Cause
 3   Hearing for a preliminary injunction in case number 21-cv-
 4   6181, Hilliard Energy vs. Trishe Resources et al.
 5             Counsel, please state your appearances for the
 6   plaintiff?
 7             MR. A. MANNY ALICANDRO:  Hi.  Good morning.  A.
 8   Manny Alicandro, the Law Office of A. Manny Alicandro,
 9   appearing for plaintiff Hilliard Energy LTD.
10             THE CLERK:  And for the Trishe defendants?
11             MR. JOHN MURPHY:  Good morning.  It's John Murphy
12   of John Murphy & Associates, P.C., appearing on behalf of
13   the Trishe defendants.
14             THE CLERK:  And for the defendant, Punjab?
15             MR. JOSEPH E. CZERNIAWSKI:  This is Joe
16   Czerniawski from Condon and Forsyth on behalf of the
17   defendant, Punjab National Bank (International) LTD.
18             MR. ELI BURTON:  Eli Burton, also of Condon and
19   Forsyth on behalf of Punjab.
20             THE CLERK:  Thank you.
21             HONORABLE ANDREW L. CARTER, JR. (THE COURT):  All
22   right, good morning.  Let me just get a sense of where we
23   are with certain matters.  As of yesterday it seemed that
24   the funds that were going to be deposited into the account
25   were not deposited into the account of the Punjab
```

1     PROCEEDINGS                              4

2  defendants, and the defendants were claiming as a result
3  they have not committed the alleged breach that would exist
4  according to the plaintiffs if the defendants did not wire
5  the 12% within one business day of receiving the account.
6  Where are we in terms of those accounts and whether or not
7  they have been deposited into the account?  Let me hear
8  from the Punjab defendants first, and then I'll hear from
9  anyone else if they have anything else to add on that
10 particular issue.
11            MR. CZERNIAWSKI:  This is Joe Czerniawski
12 speaking, your Honor.  My understanding from the last time
13 I spoke with my clients is that the money is not in the
14 account.  I asked him to inform me as soon as they have
15 evidence the money is in the account.  So I don't believe
16 it's there.  My further understanding, based on
17 conversations with our local counsel, is while this is not
18 a lot of money by New York standards, for a very small
19 county of 3,000 people in Ohio, it is -- it's a lot of
20 money, and it was spread among several community banks in
21 the area.  So it may take a little bit of time for them to
22 gather up -- and I think that was to comply with FDIC
23 requirements. That's just a little background there.  So I
24 think it's going to take them a little bit of time to make
25 sure all the money is gathered up into one account to then

```
 1                         PROCEEDINGS                          5
 2   wire into our account.
 3             THE COURT:  Okay.  Thank you.
 4             Anything on that particular issue from the Trishe
 5   defendants?
 6             MR. MURPHY:  No, your Honor.
 7             THE COURT:  Okay.  Anything on that particular
 8   issue from the plaintiffs?
 9             MR. ALICANDRO:  Yes.  Good morning, your Honor.
10   A. Manny Alicandro for plaintiffs.  We're concerned about
11   this account, which I'm sure we'll get into more details,
12   but, you know, there's a one-day provision in that --
13             THE COURT:  Hold on.  Hold on.  Right now I just
14   want to know if you have anything to add in terms of the
15   factual assertion that the money is not in the account as
16   of today.  Do you have anything information on that --
17             MR. ALICANDRO:  I also want to raise a question
18   that in correspondence to the Court in Ohio, counsel was --
19             THE COURT:  We'll get to that, but hold on; do you
20   have anything else to add on that particular issue?
21             MR. ALICANDRO:  No, your Honor.
22             THE COURT:  Do you have any factual -- do you have
23   any reason to believe that the money is in the account now?
24             MR. ALICANDRO:  I do not.
25             THE COURT:  Okay.  All right, so now let's get to
```

```
 1                        PROCEEDINGS                         6
 2   the matter at hand.  I'll hear from plaintiff's counsel on
 3   this claim of irreparable harm.  Let me hear from
 4   plaintiff's counsel.
 5             MR. ALICANDRO:  Good morning, Judge Carter.  So,
 6   again, this is Manny Alicandro for plaintiff Hilliard.  So
 7   we have an overarching concern, obviously, in the matter
 8   before the Court with regard to contractual issues.  There
 9   is a lot of confusion and ambiguity which we're presently
10   hearing, which you just heard from defendants' counsel
11   about the amount in the account.  We do not know how much
12   is in the account at Citibank; we do not know how much
13   should be in the account at Citibank, so we're at a loss
14   for that.  What we do know is we are -- we should be
15   getting and receiving 12%, one point -- of what we know
16   should have been in the account was 1.9 million -- and that
17   goes back a couple of years -- and then obviously, 12% of
18   this 2.4 million from the Ohio funds, which we just spoke
19   about.
20             What really concerns me is there are other
21   references in the pleadings from the defendant about a
22   sundry account; and more overarching, your Honor, what I'm
23   concerned about is the fact beyond us not getting paid the
24   12% that we're due, there's language in the pleadings from
25   the defendant about the usage of the accounts.  My
```

```
 1                        PROCEEDINGS                        7
 2   understanding is that this account at Citibank is a
 3   beneficiary account for Trishe by Punjab.  In the pleadings
 4   for the defendant they make reference to the fact that this
 5   is a nostro account to be used for U.S. dollar currency
 6   transactions and other -- there are other third-party
 7   individuals which would be injured and harmed if this
 8   account was restrained.  I'm at a loss for the purpose of
 9   an account which it's very clear in multiple agreements,
10   your Honor, that have been presented to this Court with
11   regard to the fact that this is a beneficiary account in
12   accordance with, you know, general business laws of the
13   state of New York.  So I'm perplexed to why there's so much
14   confusion and ambiguity that if you so decide to restrain
15   this specific account.  It is a specific account for the
16   benefit of Trishe, and it shouldn't harm anyone else, any
17   other clients of Punjab or Punjab writ large.  Punjab is a
18   large bank effectively owned by the government of India
19   having offices in India and England.  I'm hard pressed to
20   think that Punjab only has one account that they use for
21   U.S. dollar transactions and that account is this
22   beneficiary account at Citibank for Trishe.
23            THE COURT:  Okay.  But let me hear from you
24   specifically on the issue of irreparable harm to
25   plaintiffs.
```

```
 1                         PROCEEDINGS                          8
 2              MR. ALICANDRO:  Sure.  I mean, we have
 3   relationships -- there's questions of good will because my
 4   client is very well known in its space.  And there's
 5   clearly issues with regard to his good will and his
 6   standing in the community that we keep getting the
 7   runaround, we're not getting paid for services that were
 8   provided years ago now.  So this is clearly an issue of
 9   reputational damage and good will that in accordance -- you
10   know, and I think the Second Circuit has rendered decisions
11   with regard to beyond monetary damages, you know, good will
12   is a fundamental consideration.
13              THE COURT:  Okay.  Anything else from plaintiffs
14   regarding irreparable harm?
15              MR. ALICANDRO:  If you look generally -- you know,
16   look, this is a breach-of-contract action, your Honor, and
17   we have our opposition to the motion to dismiss that was
18   filed by defendants, which we will file shortly, in
19   accordance with the schedule that we all agreed upon.
20              My overarching concern is that, you know, we don't
21   know what's going to happen with the monies in this
22   account.  We're not quite sure how the monies have been
23   used; we're not sure why there's so much confusion about
24   the underlying account and its usage, as I mentioned
25   previously, in my previous statements.  And I'm, you know,
```

1                          PROCEEDINGS                          9
2  even worried about the fact if you look at the pleadings in
3  Ohio or looked at the pleadings in Ohio, counsel in Ohio
4  actually asked for a check.  So, in addition to requesting
5  those monies, the Ohio funds, be wired to the Citibank
6  account, they also ask for potentially the Ohio court to
7  issue a check to counsel.  It's clearly a breach of the
8  tri-party agreement.  So I'm concerned that because Punjab
9  is a multi -- is a large bank but it's domiciled in India
10 and has accounts in U.K. but not accounts in the U.S., that
11 if this money leaves that account and you decide in our
12 favor with regard to the breach of contracts, we have no
13 idea what's in that account, we have no idea how we'll be
14 able to collect the monies in that account.
15          THE COURT:  Okay.  Let me hear from defendant
16 Trishe, if you have anything to say regarding irreparable
17 harm.
18          MR. MURPHY:  Your Honor, I would -- this is John
19 Murphy for the Trishe defendants.  I mean, I speak, to be
20 frank, I think as your Honor probably understands, this is
21 really between Hilliard and Punjab.  So I will, I suppose
22 in parliamentary style, refer my time to Mr. Czerniawski
23 for those arguments, if I may.
24          THE COURT:  Okay.  All right, let me hear from the
25 other defendant if he has anything to say regarding

```
 1                         PROCEEDINGS                      10
 2   petitioner's claim of irreparable harm.
 3             MR. CZERNIAWSKI:  Sure, your Honor.  First, I
 4   mean, the standard is usually the money damages should,
 5   when they suffice, there isn't a basis for injunctive
 6   relief.  The only thing we've heard that doesn't qualify is
 7   something about trademark and loss of good will.  And,
 8   first of all, I'll point out that was not put forward in
 9   any form of a sworn statement.  There were simply
10   statements in a reply brief about it.  So there's nothing
11   before the Court on that point.  But, second of all, I
12   mean, if what we just heard could qualify as something to
13   get around the requirement that where money damages suffice
14   it's equitable injunctive relief, pretty much everybody
15   could plead that.  I mean, here we've got a case, the
16   money's there, we've got a large international bank with
17   admittedly an account to deal with U.S. dollars.  And so
18   there you -- obviously U.S. assets.  Right?  But also
19   assets all over the world; we're not going anywhere.
20   Clearly, there's no danger of the judgment not being
21   satisfied.  There's just -- it's not here.  There's no
22   basis to assert irreparable harm.
23             I'm happy -- I don't think there's anything that I
24   said that was ambiguous or confusing, but I'm happy to also
25   address things that were brought up regarding the various
```

```
 1                       PROCEEDINGS                    11
 2   accounts at issue, but only if your Honor wants me to.  I
 3   realize your Honor's time is limited.
 4            THE COURT:  No, that's not necessary.
 5            MR. CZERNIAWSKI:  Okay.
 6            THE COURT:  Okay.  So I will deny the petitioner's
 7   request for injunctive relief.  The petitioner has not
 8   established their irreparable harm.  That motion for a
 9   preliminary injunction is denied, and the parties should go
10   ahead and proceed with the briefing on the motion to
11   dismiss.  And Judge Swain will handle that, as well as the
12   rest of this matter.
13            We ad adjourned.  Thank you.
14            (Whereupon, the matter is recessed.)
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                                                         12
 2
 3                      C E R T I F I C A T E
 4
 5        I, Carole Ludwig, certify that the foregoing
 6  transcript of proceedings in the case of Hilliard Energy
 7  LTD. v. Trishe Resources Inc. et al., Docket #21-cv-06181-
 8  LTS, was prepared using digital transcription software and
 9  is a true and accurate record of the proceedings.
10
11
12
13
14           Signature  *Carole Ludwig*
15                     Carole Ludwig
16
17
18           Date:     August 5, 2022
19
20
21
22
23
24
25
```